**Robert T. STRATTON,**

v.

**CO III LT. MASH, et al.**

**No. CIV. A. 97–7230.**

United States District Court, E.D. Pennsylvania.

Oct. 28, 1999.

## MEMORANDUM

LOWELL A. REED, Jr., Senior District Judge.

Before the Court is the motion of defendant Corrections Officer I. More (More) for summary judgment (Doc. No. 57), which plaintiff does not oppose (Letter of October 22, 1999 to Court). For the reasons stated below the motion will be granted.

### BACKGROUND

Plaintiff *pro se* inmate brought a claim pursuant to 42 U.S.C. § 1983 against 36 officials of the Department of Corrections at the State Correctional Institution at Graterford and one psychiatrist. Plaintiff's initial complaint refers to CO.III as lieutenant and to C.O.II as sergeant. Plaintiff amended his complaint to correct some of defendants' names, and the Court appointed counsel for plaintiff. The counseled plaintiff then filed a second amended complaint, alleging violations of his Eighth Amendment rights and state law at SCI–Graterford against 23 defendants, includ-

ing various corrections officers I (C.O.I), corrections officers II (C.O.II), corrections officers III (C.O.III) and the superintendent. After this Court denied defendants' motion to dismiss the second amended complaint, defendants answered the complaint. One defendant, not the movant, counterclaimed.

Plaintiff's claim in the second amended complaint against movant More, is limited to the following: More is identified in ¶ 20. He is sued in both his individual and official capacities. He appears in the fact section of the second amended complaint in ¶ 54, and then again in Count II, ¶ 84–85 concerning the allegation in ¶ 54. Plaintiff alleges that defendant C.O.I Pry used excessive force against him on August 8, 1997; and then various defendant officials including More allegedly prevented plaintiff from receiving medical treatment for two days.

At his deposition, plaintiff stated that More (misspelled in the transcript as Moore) was a wing officer, who resembles Richard Pryor. When asked what was Officer More's involvement, plaintiff responded.

Well, Officer Moore basically I would have to—I would have to remove that, as far as him being directly involved in an individual capacity, I can only say that he was acting according to his official capacity, but not in bad faith, but in good faith. He had no actual involvement. He was only escorting the nurses. He did relay information that it was placed in the log book that I was not to be—be moved from my cell for any medical treatment, it was left there by a captain, he brought that to my attention. And at the time I had my information mixed up. He, I believe should be scratched as a defendant, Moore.

Stratton Deposition Transcript at 199–200.

Plaintiff has obtained extensive discovery of documents and has indicated an intent to depose various officials, not including More. More has moved for summary judgment based upon plaintiff's above concession of More's lack of involvement.

## DISCUSSION

Plaintiff concedes that More did not violate his constitutional rights concerning denial of medical care. More merely escorted nurses on the block. As a Corrections Officer I, at the low end of the chain of command, More had no supervisory authority over any other corrections officer. He lacked the authority to order any officer to behave differently. Plaintiff cannot meet his burden of proving that More participated in, or had knowledge of *and* acquiesced in unlawful conduct. See *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). More thus lacked the involvement in a constitutional violation requisite for liability under § 1983. A defendant can be liable for a civil rights violation only if he "subjects, or causes to be subjected" the plaintiff to the challenged constitutional deprivation. 42 U.S.C. § 1983. A fundamental requirement of a cause of action under 42 U.S.C. § 1983 is that injuries be personally caused by the defendant. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (defendants must be the "moving force [behind] the constitutional violation").

Without the requisite involvement, defendant More is entitled to summary judgment. No reasonable jury could find otherwise.

## CONCLUSION

This Court will grant summary judgment in favor of defendant More.